## 10374

### STATE v. MURPHY.
#### (102 S. E. 288.)

CRIMINAL LAW—NEWLY DISCOVERED EVIDENCE, SHOWING NO MITIGATING CIRCUMSTANCES, NOT GROUND FOR NEW TRIAL.—Where defendant, who was charged with murder, testified in his own behalf and narrated in detail how he killed deceased, alleged newly discovered evidence, which threw no light on the circumstances which led to or resulted in the homocide, and did not tend to mitigate the commission of the crime, but merely tended to show that the homicide was not committed on the night stated by witnesses, is no ground for new trial.

Before TOWNSEND, J., Richland, Summer term, 1919. Affirmed.

Jess Murphy was convicted of murder, and from an order denying new trial for after-discovered evidence, he appeals.

*Messrs. Hugh R. Clinkscales* and *Charles T. Smith, Jr.,* for appellant, submit: *The ground upon which this appeal is made is that the presiding Judge abused his discretion, in that he passed upon facts which should be heard by a jury:* 105 S. C. 437; 91 S. E. 382; (Ga.) 70 S. E. 975.

*Mr. Solicitor Spigner,* for the State.

February 23, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This appeal is from an order refusing a new trial for after-discovered evidence.

Appellant was convicted of the murder of the woman with whom he was living in the city of Columbia. She was last seen alive on Monday, July 31, 1916. On Wednesday following her dead body was found in a trunk in the house which had been occupied by them. In the meantime appellant had evaded arrest and fled the State. He was captured in Pennsylvania in March, 1919, and brought back for trial.

The State rested its case on proof of the circumstances, which included the testimony of two witnesses that, on Monday night, July 31st, they heard screams coming from the direction of the house in which appellant and the woman lived, and the confession of appellant to the officer who brought him from Pennsylvania. Appellant testified in his own behalf, and narrated in detail the circumstances of the difficulty which resulted in his choking the woman to death, the concealment of her body, and his flight. He said that he killed her and concealed her body about 1 o'clock Monday afternoon. There was no other eyewitness to the homicide.

After conviction, he moved for a new trial on the affidavit of two women, which tended to show that he spent Monday night at the house of one of them, and, inferentially, that the homicide was not committed that night, and that the screams heard by the State's witnesses did not come from the house in which appellant and deceased were living.

The motion was properly refused on the ground that the new testimony was immaterial. The most that is claimed for it is that, if it had been before the jury, it might have had the effect of inducing them to recommend appellant to mercy, and thereby save him from the extreme penalty of death. There is nothing in the new testimony which throws light on the circumstances which led to or resulted in the homicide, or which tends to mitigate the commission of the crime, and, therefore, nothing which properly could have had the effect claimed. Order affirmed.